Oct. 1797.
Kimmell
vs.
James.

ed to admit the same. The defendant excepted. Verdict and judgment for the plaintiff. The defendant appealed to the court of appeals.

*Hollingsworth*, for the plaintiff.

*Key, Mason* and *Shaaff*, for the defendant.

THE COURT OF APPEALS, at June term 1800, *affirmed* the judgment of the general court.

———————

## GENERAL COURT, OCTOBER TERM, 1797.

### PONSONBY *vs.* NICHOLSON.

ASSUMPSIT upon a *promissory note.*

CASE STATED.

The defendant on the 19*th of September,* 1795, made his promissory note at Philadelphia, by which he promised to pay, *twelve months* after the date thereof, unto *William Moulder,* or order, 2000 dollars for value received. The said *Moulder* afterwards endorsed the said note to the plaintiff; and no part of the money mentioned in the said note having been paid, he, on the 20*th of September,* 1796, issued the writ in this cause against the defendant, to recover the money due on the said note.

*W. Cooke,* for the plaintiff.

*J. Cook,* for the defendant.

THE GENERAL COURT gave judgment for the plaintiff.

———————

## GENERAL COURT, OCTOBER TERM, 1797.

### PLUMMER *et al.* Lessee, *vs.* LANE *et al.*

EJECTMENT for part of a tract of land called *Brousley Hall,* lying in Anne Arundel county.

The plaintiff at the trial offered in evidence to the jury a grant in the year 1669, to *Richard Wells,* for the tract of land called *Brousley Hall.* He then proved by a witness that he knew *Benjamin Lane* upwards of 45 years ago; that he lived and died on *Brousley Hall.* He then produced the will of *Benjamin Lane,* dated the 6th of May, 1772, devising distinct parts of the said tract of land to his sons *Gabriel, Benjamin,* and *Thomas Lane.* That *Benjamin* lived in the house where his father lived. That the sons held and occupied distinct parts of the said land; and it was understood (by a witness sworn) that there was a division made between the sons under the will of their said father.